Jeffrey D. Wolfe, Bar # 025386
101 N. First Ave., Suite 2400
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
jwolfe@maceybankruptcylaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| Jessica Jimenez<br><br>Plaintiff,<br><br>v.<br><br>National Credit Systems, Inc.<br><br>Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Glendale, AZ at all times relevant to this action.

2. Defendant is a Georgia corporation that maintained its principal place of business in Atlanta, GA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Apartment Hunters, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around March 25, 2009, Plaintiff retained an attorney to file bankruptcy.

14. On March 1, 2011, Plaintiff telephoned Defendant.

15. During this communication, Defendant threatened to garnish Plaintiff's wages.

16. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits personal communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

17. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and attempted to give Defendant Plaintiff's attorney's contact information.

18. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt, on or around March 4, March 15, March 24, April 4, April 18, 2011.

19. Defendant caused Plaintiff emotional distress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

22. In support hereof, Plaintiff incorporates paragraphs 16, 18 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

24. In support hereof, Plaintiff incorporates paragraphs 17-18 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

26. In support hereof, Plaintiff incorporates paragraphs 16, 18 as if specifically stated herein.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

28. In support hereof, Plaintiff incorporates paragraphs 15 as if specifically stated herein.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY BANKRUTPCY LAW,

By: */s/ Jeffrey D. Wolfe*
Jeffrey D. Wolfe, Bar # 025836
101 N. First Ave., Suite 2400
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
jwolfe@maceybankruptcylaw.com
*Attorney for Plaintiff*